UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PG&C LEASING, INC., a Florida corporation,
and FORT LAUDERDALE NETWORK, INC.,
a Florida corporation,
    Plaintiffs,

CIV - SEITZ

00 - 6095

CASE NO.:

vs.

MULTICREDIT, INC., a Florida corporation,
AMERICAN MULTICREDIT COMPANY, INC.,
a Florida corporation, MULTICREDIT, S.A., a
corporation incorporated under the laws of the
Republic of Guatemala, CONSTRUBANCO, a
financial institution pursuant to the laws of the
Republic of Guatemala, SOUTH BANK AND
TRUST LIMITED, a financial institution
pursuant to the laws of Montserrat, B.W.I.,
BANCO ATLANTICO, a financial institution
pursuant to the laws of Spain, BANK OF AMERICA, N.A.
d/b/a NATIONSBANK, a North Carolina corporation,
BANCO DE GUATEMALA, a financial institution
pursuant to the laws of the Republic of Guatemala,
JUAN de DIOS REYES, an individual, ESTUARDO
BENAVIDES, a/k/a STUART BENAVIDES,
an individual, and LUIS R. COBAR, an individual,
    Defendants.
_____/





## COMPLAINT

The Plaintiffs, PG&C LEASING, INC., and FORT LAUDERDALE NETWORK, INC.,

("PLAINTIFFS") sue the Defendants, MULTICREDIT, INC., ("MULTICREDIT"),

AMERICAN MULTICREDIT COMPANY, INC., ("AMC"), MULTICREDIT, S.A.,

CONSTRUBANCO, SOUTH BANK AND TRUST COMPANY LIMITED, ("SOUTH

BANK"), BANCO ATLANTICO, ("ATLANTICO"), BANK OF AMERICA d/b/a

1

NATIONSBANK, ("NATIONSBANK"), BANCO DE GUATEMALA, JUAN DE DIOS REYES, ("REYES"), ESTUARDO BENAVIDES, a/k/a STUART BENAVIDES, ("BENAVIDES"), and LUIS R. COBAR, ("COBAR") and allege:

## I. JURISDICTION

1. Each cause of action set forth herein seeks damages in excess of $75,000 exclusive of costs and interest.

2. Plaintiffs are corporations incorporated under the laws of the State of Florida having their principal place of business in Broward County, Florida.

3. Diversity of citizenship exists between Plaintiffs and Defendants, MULTICREDIT, S.A., CONSTRUBANCO, SOUTH BANK, ATLANTICO, NATIONSBANK, BANCO DE GUATEMALA, REYES and COBAR.

4. Diversity of citizenship exists between Plaintiffs and Defendant BENAVIDES, who operates through his alter ego, SOUTH BANK, of Montserrat, B.W.I.

5. Diversity of citizenship exists between Plaintiffs and Defendant AMC, which operates through its alter ego, MULTICREDIT, S.A., from the Republic of Guatemala.

6. Diversity of citizenship exists between Plaintiffs and Defendant MULTICREDIT, which operates through its alter ego, MULTICREDIT, S.A., from the Republic of Guatemala.

7. The acts complained of herein were directed against and committed against the Plaintiffs at their home office in Fort Lauderdale, Broward County, Florida.

8. All Defendants herein have acted, either in their corporate capacity, through their respective agents, or individually in Broward County, Florida, or through the instrumentality of the Internet directed against Plaintiffs at their home office.

2

## II. PARTIES

9. Plaintiff PG&C LEASING COMPANY OF FLORIDA, INC., is a Florida corporation doing business from its home office in Fort Lauderdale, Broward County, Florida, as a worldwide Internet Service Provider and E-Commerce processor.

10. Plaintiff FORT LAUDERDALE NETWORK, INC., is a Florida corporation doing business from its home office in Fort Lauderdale, Broward County, Florida, as a worldwide Internet Service Provider and E-Commerce processor. Said Plaintiff is a party to this lawsuit as it became a party to the agreement between the parties when the Defendants transferred monies owed to PG&C to FORT LAUDERDALE NETWORK, INC. FORT LAUDERDALE NETWORK, INC., became an integral part of the transactions which are the subject matter of this lawsuit.

11. Defendant BENAVIDES is a resident of Florida and is otherwise sui juris.

12. Defendant COBAR is a citizen and resident of the Republic of Guatemala, who has on several occasions, as outlined herein, conducted business with the Plaintiffs in Fort Lauderdale, Broward County, Florida, and who is president of Defendant CONSTRUBANCO, which, as outlined below, conducts business in Broward County, Florida.

13. Defendant REYES is a citizen and resident of the Republic of Guatemala, who has on several occasions conducted business with the Plaintiffs in Broward County, Florida.

14. Defendant MULTICREDIT is a Florida corporation doing business in Fort Lauderdale, Broward County, Florida and the Republic of Guatemala.

15. Defendant AMC is a Florida Corporation doing business in Fort Lauderdale, Broward County, Florida, and the Republic of Guatemala, and is a subsidiary of SOUTH BANK.

3

16. Defendant NATIONSBANK is a bank doing business in Broward County, Florida.

17. Defendant SOUTH BANK is a financial institution pursuant to the laws of Montserrat, B.W.I., and which regularly conducts business with the Plaintiffs in Fort Lauderdale, Broward County, Florida, as well as through its subsidiaries, AMC and Instant Internet and More, Inc., both Florida corporations.

18. Defendant ATLANTICO is a financial institution pursuant to the laws of Spain, and which regularly conducts business in the United States through its office in the State of New York, as well as its regularly conducted business with the Plaintiffs in Fort Lauderdale, Broward County, Florida.

19. Defendant BANCO DE GUATEMALA is a financial institution pursuant to laws of the Republic of Guatemala, and who regularly conducts business with the Plaintiffs in Fort Lauderdale, Broward County, Florida.

20. Defendant MULTICREDIT, S.A., is a corporation incorporated under the laws of the Republic of Guatemala, and which has regularly conducted business in Fort Lauderdale, Broward County, Florida, and which has regularly conducted business in Fort Lauderdale, Broward County, Florida, and which conducts business through its shell companies, MULTICREDIT and AMC.

### III. GENERAL ALLEGATIONS

21. Plaintiffs reallege paragraphs 1 though 20 as though fully set forth herein.

22. On or about January 1, 1996, Defendants BENAVIDES and COBAR came to the Plaintiffs at their place of business in Fort Lauderdale, Broward County, Florida, in order to conduct business with the Plaintiffs.

4

23. Defendant COBAR informed the Plaintiffs that he represented the interests of several banks in the Republic of Guatemala which were interested in conducting business with the Plaintiffs.

24. Defendants BENAVIDES and COBAR then entered into a verbal agreement with the Plaintiffs to develop certain Internet software which would be used to align the Plaintiffs' Fort Lauderdale operation with certain banks in Guatemala, in order to process Internet credit card transactions.

25. Soon thereafter, Defendants BENAVIDES and COBAR sent their representative, Gustavo Silva, to the Plaintiffs' place of business in Fort Lauderdale in order to develop the Internet software described above.

26. On or about March 12, 1997, Gustavo Silva, as representative of Defendants BENAVIDES and COBAR, along with the Plaintiffs, were successful in developing the software which utilized TCBIP connections to VISANET AND BANKNET.

27. On or about March 12, 1997, the Plaintiffs and Defendants BENAVIDES, COBAR and AMC entered into a written agreement whereby the parties would jointly provide electronic payment processing services to Internet users worldwide.

28. Initially, the Internet credit card processing was to be limited to users of adult oriented Internet sites. However, in the interim, while the software was being developed jointly by Plaintiffs and Defendants BENAVIDES and COBAR, the Plaintiffs developed Internet casino gaming sites. Thus the amount of the credit card processing contemplated by the parties in the original written agreement would not suffice.

29. Soon thereafter, and on many occasions, Defendants BENAVIDES and COBAR

came to the Plaintiffs' home office in Fort Lauderdale, Florida in order to discuss the terms of the agreement and to enter into a new written agreement with new terms evidencing the emerging industry of Internet gaming sites and the multitude of credit card processing contemplated by this new industry. At that time, the parties entered into a verbal agreement. Said agreement was later put in writing and executed by both Plaintiffs and Defendants. Plaintiffs are not in possession of the written contract, but the document will inevitably be produced to this Court through the discovery process.

30. Numerous meetings took place between the Plaintiffs and Defendants BENAVIDES and COBAR, both in the State of Florida and the Republic of Guatemala.

31. On or about November 13, 1997, the Plaintiffs and Defendants, BENAVIDES and COBAR began the electronic credit card processing contemplated by the contract and pursuant to the terms of the contract.

32. The terms of that contract include, but are not limited to, the following:

a. AMC together with the Plaintiffs would provide third party electronic payment processing services for Visa and MasterCard credit card customers.

b. AMC and the Plaintiffs jointly developed a certain proprietary software application to enable AMC together with the Plaintiffs to process Internet credit card transactions and to obtain and store information pertaining to the "end-users". (End-users being defined as the ultimate consumer who wishes to pay electronically for Internet services). This software is owned jointly by Plaintiffs and AMC.

c. AMC would pay to the Plaintiffs a 3% (three per cent) commission on each individual charge amount processed and approved.

6

    d. AMC would retain 4.5% (four and one-half per cent) commission on each individual charge amount processed and approved.

    e. AMC would retain 15% (fifteen per cent) of each individual charge processed and approved for a reserve account in order to retain funds to address possible "charge-backs". (Charge-backs being defined as incidents wherein an end-user refuses to pay the amount charged and that amount must be returned to that end-user). This reserve account shall continue to retain 15% (fifteen per cent) of the total charges until such account reaches $500,000.00 (five hundred thousand dollars).

    f. Payments shall be made to the Plaintiffs on a bi-weekly basis.

    g. Each party is prohibited from utilizing any confidential information or proprietary information for its own use or use by a third party not contemplated by the contract between the Plaintiffs and Defendants BENAVIDES and COBAR.

    h. Violations of the confidentiality/non-disclosure provisions of the contract shall constitute a non-curable event of default.

    i. The laws of the State of Florida shall construe the rights and obligations of all parties to the agreement.

    33. From November 13, 1997 until on or about June 1, 1999, the parties conducted business as contemplated by the contract as outlined above.

    34. From November 13, 1997 through the present date, the Plaintiffs were deceived by Defendants BENAVIDES and COBAR in that said Defendants began creating and utilizing shell corporations and other financial institutions in order to funnel monies from MULTICREDIT to the Plaintiffs.

LAW OFFICES OF JOHN C. RAYSON • 2400 E. OAKLAND PARK BLVD. • FT. LAUDERDALE, FL 33306 • PHONE: (954) 566-8855

35. Plaintiffs received funds from various sources representing themselves as parties to the agreement embodied herein. Specifically, monies were transferred from Defendants SOUTH BANK, CONSTRUBANCO, ATLANTICO, BANCO DE GUATEMALA, NATIONSBANK and MULTICREDIT, S.A.

36. On a multitude of occasions, Plaintiffs requested Defendants BENAVIDES and COBAR to provide an accounting to Plaintiffs representing all monies and transactions occurring between November 13, 1997 and the present date of each request.

37. Plaintiffs never received any such accounting.

38. On numerous occasions, Defendants BENAVIDES, COBAR and REYES communicated with Plaintiffs informing Plaintiffs that an accounting would take place and all issues would be resolved.

39. Again, no such action was taken by said Defendants.

40. On or about June 1, 1999, Defendants BENAVIDES, COBAR and REYES unilaterally terminated the agreement with Plaintiffs and severed the connection which electronically processed the credit card transactions.

41. Defendants BENAVIDES, COBAR and REYES have failed to account for monies owed to Plaintiffs and have conspired to convert said monies to their own personal use through the multiple financial entities created and/or wrongfully used by said Defendants.

42. Also contemplated by the parties were the possibilities of "no replies". (No-replies being defined to describe the possibility that an end-user does actually enter personal credit information, however, the financial institution is unable to credit the amount, and the transaction is not consummated.)

43. Plaintiffs discovered that Defendants BENAVIDES, COBAR and REYES withheld funds representing no-replies which were actually charged to the consumer and from which said Defendants received money, but wrongfully withheld the money from Plaintiffs.

44. The contract further provides that the total payments made to the Plaintiffs would include the amounts which were to be paid to the owners of the actual Internet sites being utilized by the end-user.

45. Plaintiffs are now indebted to various clients representing the owners of the actual Internet sites utilized by the end-user. Plaintiffs remain indebted to said owners until Plaintiffs are able to recover its monies from Defendants.

46. To date, Defendants BENAVIDES, COBAR and REYES have wrongfully withheld the following funds from Plaintiffs:

a. For the year of 1997, said Defendants have wrongfully withheld the total amount of $725,018.90 (Seven Hundred Twenty Five Thousand Eighteen Dollars and Ninety Cents).

b. For the year of 1998, said Defendants have wrongfully withheld the total amount of $7,968,874.08 (Seven Million Nine Hundred Sixty Eight Thousand Eight Hundred Seventy Four Dollars and Eight Cents).

c. For the year of 1999, said Defendants have wrongfully withheld the total amount of $6,371,312.63 (Six Million Three Hundred and Seventy One Thousand Three Hundred Twelve Dollars and Sixty Three Cents).

d. However, the total amounts owed for the years 1998 and 1999 are off-set by certain credits paid by the Defendants in the amount of $7,258,217.22. Thus the total amount owed Plaintiffs for both 1998 and 1999 is $7,081,969.49 (Seven Million Eighty One Thousand Nine

Hundred Sixty Nine Dollars and Forty Nine Cents).

e. For all years, said Defendants have wrongfully withheld between $4,000,000.00 and $7,000,000.00 (Four Million and Seven Million Dollars) representing the no-replies ultimately charged to the end-users and wrongfully retained by said Defendants.

47. Due to the actions of the Defendants, Plaintiffs have been obligated to retain the services of counsel and pay a reasonable fee for said services.

## COUNT I - BREACH OF CONTRACT

### (As to Defendants BENAVIDES, COBAR, REYES, MULTICREDIT, AMC and MULTICREDIT, S.A.)

48. Plaintiffs reallege paragraphs 1 through 47 as though fully set forth herein.

49. On or about March 12, 1997, Plaintiffs entered into a contract with Defendants BENAVIDES, COBAR, REYES, MULTICREDIT, AMC, and MULTICREDIT, S.A. to develop certain Internet software which would be used to align the Plaintiff's Fort Lauderdale operation with certain banks in Guatemala in order to process Internet credit card transactions.

49. In consideration of this agreement AMC agreed to pay Plaintiffs the total amount charged by the end-users, less the fees described herein above.

50. Defendants breached the contract by failing to pay to the Plaintiffs the total amount due to Plaintiffs pursuant to the terms of the contract.

51. Due to the acts or omissions of the Defendants, Plaintiffs have suffered damages, including but not limited to, lost income and revenue totaling between $12,000,000 and $15,000,000 to date.

WHEREFORE Plaintiffs demand judgement for damages against Defendants

LAW OFFICES OF JOHN C. RAYSON • 2400 E. OAKLAND PARK BLVD. • FT. LAUDERDALE, FL 33306 • PHONE: (954) 566-8855

BENAVIDES, COBAR, REYES, MULTICREDIT, AMC, and MULTICREDIT, S.A., in addition to interest, costs and reasonable attorneys fees and for such other and further relief as in equity is just.

### COUNT II -VIOLATION OF FLORIDA'S CIVIL RICO STATUTE

### (As to Defendants BENAVIDES, COBAR, REYES, MULTICREDIT, AMC, MULTICREDIT, S.A., CONSTRUBANCO, SOUTHBANK, ATLANTICO, NATIONSBANK, and BANCO DE GUATEMALA)

52. Plaintiffs reallege paragraphs 1 through 47 as though fully set forth herein.

53. This is a cause of action for violation of Florida Statute § 772.103, known as Florida's civil RICO statute, and for treble damages pursuant to Florida Statutes § 772.104.

54. From November 13, 1997 through the present, the Defendants, with the criminal intent to defraud Plaintiffs, have engaged in a continuing pattern of fraudulently receiving and using for Defendants' own benefit proceeds that rightfully belong to Plaintiffs.

55. Defendants, with the criminal intent to defraud Plaintiffs and in furtherance of their scheme to defraud Plaintiffs, have repeatedly refused to provide an accounting to Plaintiffs of all transactions and proceeds received since November 13, 1997.

56. The Defendants have used or invested the Plaintiffs' proceeds in the establishment or operation of Defendants' business enterprises.

57. The Defendants' acts or omissions violate Florida Statutes § 772.103.

WHEREFORE Plaintiffs demand judgment for treble damages pursuant to Florida Statutes § 772.104 against Defendants MULTICREDIT, AMC, MULTICREDIT SA, CONSTRUBANCO, SOUTHBANK, ATLANTICO, NATIONSBANK, BANCO DE

GUATEMALA, REYES, BENAVIDES, and COBAR in addition to interest, costs, reasonable attorneys fees and such other and further relief as in equity is just.

LAW OFFICES OF JOHN C. RAYSON
2400 East Oakland Park Blvd.
Fort Lauderdale, FL 33306
(954) 566-8855
(954) 566-8902 (facsimile)

By: _____
    John C. Rayson, Esquire
    Florida Bar No. 204153

# CIVIL COVER SHEET

00-6095 CIV-SEITZ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
PG&C Leasing, Inc., and
Fort Lauderdale Network, Inc.

**DEFENDANTS** Multicredit, Inc., American Multicredit Company, Inc., Multicredit, S.A., Construbanco, SouthBank and Trust, Ltd., Banco Atlantico, Nationsbank d/b/a Bank of America, Banco de Guatemala, Juan de Dios Reyes, Estuardo Benavides, Luis Cobar

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A-NORTH-6095 SEITZ/GARBER

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of John C. Rayson
2400 E. Oakland Pk. Blvd. 2nd Floor
Ft. Lauderdale, FL 33306 954-566-8855

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE GARBER

(CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 442 Employment | B☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing Accommodations | HABEAS CORPUS | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | B☐ 530 General | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other / B☐ 550 Civil Rights / B☐ 555 Prison Condition | A☐ 871 IRS - Third Party 26 USC 7609 | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Breach of contract, RICO

LENGTH OF TRIAL ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions) JUDGE ___ DOCKET NUMBER ___

DATE: 1-20-00
SIGNATURE OF ATTORNEY OF RECORD: Zhong P. Mo for John C. Rayson

FOR OFFICE USE ONLY
RECEIPT # 518350  AMOUNT $150.00  APPLYING IFP ___  JUDGE ___  MAG JUDGE ___