UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PG&C LEASING, INC., a Florida corporation, and FORT LAUDERDALE NETWORK, INC., a Florida corporation,

    Plaintiffs,

vs.

MULTICREDIT, INC., a Florida corporation, AMERICAN MULTICREDIT COMPANY, INC., a Florida corporation, MULTICREDIT, S.A., a Republic of Guatemala corporation, CONSTRUBANCO, a financial institution pursuant to the laws of the Republic of Guatemala, SOUTH BANK AND TRUST LTD., a financial institution pursuant to the laws of Montserrat, BWI, BANCO ATLANTICO, a financial institution pursuant to the laws of Spain, BANK OF AMERICA d/b/a NATIONSBANK, a financial institution chartered in Florida, BANCO DE GUATEMALA, JUAN deDIOS REYES, ESTUARDO BENAVIDES a/k/a STUART BENAVIDES, LUIS R. COBAR,

    Defendants.
_____/

CASE NO. 00-6095-CIV-SEITZ

Magistrate Judge Barber

## BANK OF AMERICA'S
## MOTION TO DISMISS COMPLAINT

BANK OF AMERICA, N.A. d/b/a NATIONSBANK, N.A., incorrectly named in the Complaint only as BANK OF AMERICA d/b/a NATIONSBANK ("Bank"), through undersigned counsel and pursuant to S.D. Fla. L.R. 12.1, Fed.R.Civ.P. 12(b), and other applicable law as cited herein below hereby files this Motion to Dismiss Plaintiff's Complaint.



## LEGAL ARGUMENT

### I.  S.D. Fla. L.R. 12.1

Plaintiff's Complaint attempts to assert a claim against the Bank under FLA. STAT. § 772.103 ("Florida's Civil RICO"). This Court's Local Rule 12.1 specifically mandates that a party filing a RICO claim shall, within thirty (30) days of the filing, serve a RICO Case Statement, as specifically defined in said Rule. Plaintiff's filed their Complaint in this case on January 20, 2000. To date, Plaintiffs have failed to serve any statement on the Bank.

### II.  RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the court to dismiss a complaint for failure to state a cause of action. The purpose of Rule 12(b)(6) is to allow a court to dismiss a lawsuit that is "fatally flawed in [its] legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157 (Fed.Cir. 1993). If ever there was a case which was "fatally flawed" against Defendant Bank, and thus requiring summary dismissal under Rule 12(b)(6), it would be the instant action.[1]

Plaintiffs, in the 57 paragraphs (not including subparts) which make up their Complaint, fails to make a single allegation of any action, whether right or wrong, committed by the Defendant Bank. All but one of the allegations in the Complaint pertaining to Defendant Bank concern unsupported legal conclusions, jurisdictional and/or venue requirements. The only other allegations in the Complaint which refers to Defendant Bank is found in Paragraphs 35 and 56 of the Complaint, which read, in pertinent part, as follows:

> "35.   Plaintiff's received funds from various sources representing themselves as parties to the agreement embodied herein. Specifically, monies were transferred from Defendants SOUTH BANK, CONSTRUBANCO,

---

[1] Defendant Bank takes no position in this Motion as to Plaintiff's Complaint as it pertains to the other Defendants.

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
NationsBank Tower - 37th Floor, 100 Southeast Second Street, Miami, FL 33131   (305) 379-0400

ATLANTICO, BANCO DE GUATEMALA, NATIONSBANK and MULTICREDIT, S.A."

"56. The Defendants have used or invested the Plaintiffs' proceeds in the establishment or operation of Defendants' business enterprises."

That is the extent to which Defendant Bank is alluded to in the Complaint. Based on those obscure and ambiguous references, the Plaintiffs seek to hold the Bank liable for alleged violations of Florida's Civil RICO Statute.

No other allegations, other than general and unsupported legal conclusions, jurisdictional and/or venue allegations, are made within the Complaint which refer to any acts, either right or wrong, committed by Defendant Bank. All the underlying acts mentioned in the Complaint upon which Plaintiffs base their claim were allegedly committed by third parties, **not** by Defendant Bank. Plaintiffs' attempt to bring an action against Defendant Bank is devoid of any factual basis. The Complaint must be dismissed as to Defendant Bank.

Moreover, Plaintiffs' Complaint also fails to state the essential element of "criminal intent", as specifically required under FLA. STAT. § 772.103. The allegations in the Complaint do not even remotely show that the Bank acted wrongfully in any way, and much less with "criminal intent". The claim against the Bank should be summarily dismissed.

### III.  RECOVERY FOR ATTORNEYS FEES

Pursuant to FLA. STAT. § 772.104, a Defendant may recover the cost in attorneys fees incurred in defending a Civil RICO claim which is raised without substantial factual or legal support. The Defendant is entitled to recover fees even when the Plaintiff is successful on other claims brought in the same suit. *Gambolati v. Sarkisian*, 622 So.2d 47 (Fla. 4th DCA 1993).

Defendant Bank respectfully requests that this Court dismiss Plaintiff's Complaint for failure to state a cause of action as to Defendant "Barnett Bank," and to grant such other and further relief as this Court deems just and proper.

LIEBLER, GONZALEZ & PORTUONDO, P.A.
NationsBank Tower - 37th Floor, 100 Southeast Second Street, Miami, FL 33131   (305) 379-0400

## MEMORANDUM OF LAW

Plaintiffs have failed to comply with S.D. Fla. L.R. 12.1. As such, Count II of the Complaint should be summarily dismissed.

Moreover, a court must dismiss a complaint pursuant to a motion made under Rule 12(b)(6) for failure to state a cause of action "where it appears beyond doubt that no set of facts could support the plaintiff's claim for relief." *Mitchell v. Ford Motor Credit Company*, 1998 WL 1115140 (N.D. Ga.). A complaint will be dismissed where the "plaintiff can prove no set of facts which would entitle him to relief." *Linder v. Portocarrero*, 963 F.2d 332 (11th Cir. 1992).

Dismissal of the Complaint as it relates to the Bank is clearly appropriate. Simply put, Plaintiff has not set forth any facts pertaining to Defendant Bank, much less any facts which would even arguably tend to show that Plaintiff is entitled to relief against the Bank. Undoubtedly, "it appears beyond doubt" that no set of facts are set forth which may even remotely support Plaintiff's claim for relief because he has failed to set forth **any facts** related to **any acts** committed by Defendant Bank. Therefore, this Court should dismiss Plaintiff's Complaint as it relates to the Bank for failure to state a cause of action.

Finally, the Plaintiffs have failed to plead the legal requirements of FLA. STAT. § 772.103.

> LIEBLER, GONZALEZ & PORTUONDO, P.A.
> Attorneys for Defendant Barnett Bank
> NationsBank Tower - 37th Floor
> 100 Southeast Second Street
> Miami, FL 33131
> (305) 379-0400
>
> By: _____
>    JUAN A. GONZALEZ
>    Florida Bar No. 375500

LIEBLER, GONZALEZ & PORTUONDO, P.A.
NationsBank Tower - 37th Floor, 100 Southeast Second Street, Miami, FL 33131   (305) 379-0400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing Bank of America, N.A.'s Motion to Dismiss Complaint has been furnished via U.S. Mail this ____ day of February, 2000, to: John C. Rayson, Esquire, Law Offices of John C. Rayson, 2400 E. Oakland Park Boulevard, Second Floor, Ft. Lauderdale, FL 33306.

JUAN A. GONZALEZ

Z:\640918\M-Dismiss.P01

- 5 -